Timothy M. SMITH, Appellant,

v.

**SOO LINE RAILROAD COMPANY,**
d/b/a CP Rail System,
Respondent.

No. C7–00–338.

Court of Appeals of Minnesota.

Sept. 19, 2000.

Review Denied Nov. 21, 2000.

Michael F. Tello, Patrick R. Gillespie, Tello & Associates, Anoka, for appellant.

Julius William Gernes, Scott Howard Rauser, Spence, Ricke, Sweeney & Gernes, St. Paul, for respondent.

Considered and decided by SHUMAKER, Presiding Judge, ANDERSON, Judge, and FOLEY, Judge.[*]

## OPINION

### G. BARRY ANDERSON, Judge

Appellant railroad worker, allegedly injured while carrying a five-gallon water bottle up the stairs of his work building, sought relief under 45 U.S.C. § 51 (1994), the Federal Employer's Liability Act (FELA). The district court granted respondent railroad summary judgment based on lack of actual or constructive notice that employees were carrying bottles. Because appellant has shown that his employer and agent saw bottles stored on a building's first floor and knew they were used by third-floor employees who had no elevator to transport them, appellant has supplied the "scintilla" of evidence necessary to prove constructive notice and survive summary judgment under FELA. Accordingly, we reverse.

## FACTS

In response to ongoing water quality problems at its St. Paul rail yard, respondent, Soo Line Railroad Company, contracted with an agent to deliver bottled water to the third floor of the yard's retarder tower. Eight years later, the agent stopped delivering most of the five-gallon bottles to the third floor, and instead began leaving nearly all of the bottles on the retarder tower's first floor. The retarder tower was not accessible to the public, and no one reported any problems or raised any safety concerns about transporting the bottled water from the first to the third floor.

Appellant Timothy M. Smith worked on the third floor of the retarder tower. One morning in July 1998 appellant found the water dispenser empty. Appellant took the empty bottle downstairs, lifted a full bottle to his shoulder, and felt a snap in his back while climbing the stairs. Appellant did not feel any pain and continued with his work. Over the next several days, however, he experienced worsening back pain and ultimately underwent surgery.

Appellant's supervisor observed some full, five-gallon, bottles of water on the first floor of the retarder tower, but never saw employees carrying water bottles nor received any complaints concerning water delivery to the tower's third floor. Similarly, the manager of yard operations did not know employees were carrying water to the top of the retarder tower; he did not receive any complaints either. It was his understanding that the agent was delivering the water to the retarder tower's third floor as arranged.

Appellant's complaint alleged, among other things, that respondent negligently caused his injury in violation of the Federal Employers Liability Act, 45 U.S.C. § 51 (1994) (FELA). Respondent denied the allegations and, following several months of discovery, moved for summary judg-

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

ment. The district court granted respondent's motion on the basis that respondent did not have actual or constructive notice that employees were carrying the bottled water from the retarder tower's first floor to the third floor.

## ISSUE

Did the district court err by granting summary judgment on the ground that, as a matter of law under FELA, respondent railroad did not have actual or constructive notice that employees were carrying water bottles?

## ANALYSIS

■ Appellant argues that the district court erred by granting respondent summary judgment on the basis that respondent lacked actual or constructive notice that employees were manually carrying bottled water up the retarder tower stairs.

Summary judgment is properly granted if the

pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that either party is entitled to judgment as a matter of law.

Minn. R. Civ. P. 56.03. On appeal from a summary judgment, we determine whether there are triable issues of material fact and whether the court erred as a matter of law. *State by Cooper v. French,* 460 N.W.2d 2, 4 (Minn.1990). We view the evidence in the light most favorable to the party against whom the motion was granted. *Rathbun v. W.T. Grant Co.,* 300 Minn. 223, 230, 219 N.W.2d 641, 646 (1974).

■ Under the Federal Employer's Liability Act, 45 U.S.C. § 51 (1994) (FELA), a railroad has a duty to provide its employees with a reasonably safe workplace. *Ackley v. Chicago & N.W. Transp.*

Co., 820 F.2d 263, 266–67 (8th Cir.1987). A railroad breaches its duty to provide a safe workplace when it knows or should know of a potential hazard in the workplace, yet fails to exercise reasonable care to inform or protect its employees. *Gallose v. Long Island R. Co.,* 878 F.2d 80, 84–85 (2nd Cir.1989). The railroad's duty extends to negligent acts of third-party agents engaged in the operational activities of the railroad. *Nivens v. St. Louis S.W. Rwy. Co.,* 425 F.2d 114, 119 (5th Cir.1970). It is the actual or constructive knowledge of a hazardous condition that gives rise to the railroad's duty. *Gallose,* 878 F.2d at 85.

■ To prove negligence, a FELA plaintiff must offer evidence proving the common law elements of negligence. *Fulk v. Illinois Cent. R.R. Co.,* 22 F.3d 120, 124 (7th Cir.1994). But a plaintiff's burden of proof to present a case to the jury is significantly lighter under FELA than it would be in an ordinary negligence case. *Habrin v. Burlington Northern Ry. Co.,* 921 F.2d 129, 132 (7th Cir.1990) (providing examples of FELA actions submitted to the jury based only on "evidence scarcely more substantial than pigeon bone broth"). The Minnesota Supreme Court observed that FELA requires only a "scintilla" of evidence to establish negligence. *Hauser v. Chicago, Milwaukee, St. Paul & Pac. R. Co.* 346 N.W.2d 650, 653 (Minn.1984).[1]

Appellant contends that he presented sufficient evidence that respondent knew or should have known that employees were carrying water to the third floor of the retarder tower. Appellant supports his argument with: (1) a co-worker's statement that "[t]here have been complaints of no water, or of having to supply it yourself," (2) a supervisor's testimony that he saw the large water bottles stored on the first floor of the retarder tower; and (3) appellant's own testimony that the agent stopped delivering all of the bottles to the

---

1. We note that although *Hauser* involved review of a directed verdict, not summary judgment, a FELA plaintiff's burden of proof remains the same in both procedural contexts.

*See Williams v. National R.R. Passenger Corp.,* 161 F.3d 1059, 1061 (7th Cir.1998) (reciting, in a summary judgment context, the low evidentiary burden of a FELA plaintiff).

third floor nine months before his alleged injury.

The district court determined that appellant failed to show that respondent had actual or constructive notice of a dangerous condition. We disagree. Respondent knew there were no elevators or similar lifts in the tower, that the tower lacked potable drinking water, and the only way to transport the large bottles of drinking water to the tower's third floor was to carry it. Both appellant's supervisor and respondent's water delivery agent knew the bottles stored on the tower's first floor were used on the third floor. Accordingly, respondent should have known, through the exercise of due care, that employees might have undertaken the task of carrying the large water bottles to the third floor of the retarder tower.

While appellant's evidence on the issue of notice is minimal and, to say the least, less than overpowering, given that we are required to view appellant's evidence in light of the extremely low burden of proof standard applicable to FELA litigation, we conclude that appellant has supplied the "scintilla" of evidence necessary to survive summary judgment. Because the district court erred by concluding that respondent lacked actual or constructive notice of employees carrying bottled water, we reverse the district court's grant of summary judgment to respondent.

### DECISION

A FELA plaintiff need only present a scintilla of evidence tending to show negligence to survive summary judgment. A FELA plaintiff who shows that the railroad and an agent of the railroad knew employees used bottled water on a building's third floor and saw the bottles stored on the first floor meets the very low burden of proving the railroad had constructive notice of employees carrying water.

**Reversed.**